IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION
COLUMBUS, OHIO

| | | |
|---|---|---|
| **JEFFREY ESTEP** | : | |
| P.O. Box 11 | : | |
| Oak Hill, Ohio 45656 | : | |
| | : | |
| and | : | |
| | : | |
| **STEVIE ESTEP** | : | |
| P.O. Box 11 | : | |
| Oak Hill, Ohio 45656, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| -vs- | : | Case No. _____ |
| | : | |
| **TROY POTIER** | : | Judge _____ |
| 11156 US Highway 41 | : | |
| Rapid River, Michigan 49878 | : | Magistrate Judge _____ |
| | : | |
| and | : | |
| | : | |
| **RAPID RIVER LOGISTICS LLC** | : | |
| 10820 US Highway 41 | : | |
| Rapid River, Michigan 49878 | : | |
| | : | |
| and | : | |
| | : | |
| **ALLSTATE FIRE AND CASUALTY** | : | |
| **INSURANCE COMPANY** | : | |
| 3100 Sanders Road | : | |
| Northbrook, Illinois 60062, | : | |
| | : | |
| Defendants. | : | |

### NOTICE OF REMOVAL OF DEFENDANTS TROY POTIER AND RAPID RIVER LOGISTICS LLC

Troy Potier and Rapid River Logistics LLC, Defendants in an action instituted in the

Court of Common Pleas, Ross County, Ohio, Case No. 21CI000261, now come before this Court

1

upon Notice of Removal pursuant to 28 U.S.C. §1141 and 28 U.S.C. §1446 and respectfully show that:

1. An action was commenced by Plaintiffs Jeffrey Estep and Stevie Estep by filing a Complaint in the Court of Common Pleas, Ross County, Ohio on September 9, 2021, entitled: *Jeffrey Estep, et al v. Troy Potier, et al.*, Case No. 21CI000261 (hereinafter referred to as "the Action"). In their Complaint, Plaintiffs named Troy Potier and Rapid River Logistics LLC (hereinafter collectively referred to as the "Michigan Defendants") as Defendants. Plaintiffs also named Allstate Fire and Casualty Insurance Company as a Defendant (hereinafter referred to as "Allstate"). A copy of Plaintiffs' Complaint is attached hereto as Exhibit "A."

2. The Michigan Defendants filed their Answer to Plaintiffs' Complaint with the Ross County Court of Common Pleas on October 4, 2021. A copy of the Michigan Defendants' Answer to Plaintiffs' Complaint is attached hereto as Exhibit "B."

3. Allstate filed its Answer to Plaintiffs' Complaint as well as a Cross-Claim against the Michigan Defendants with the Ross County Court of Common Pleas on October 12, 2021. A copy of Allstate's Answer to Plaintiffs' Complaint and Cross-Claim is attached hereto as Exhibit "C."

4. The Michigan Defendants filed their Answer to Allstate's Cross-Claim with the Ross County Court of Common Pleas on October 18, 2021. A copy of the Michigan Defendants' Answer to Allstate's Cross-Claim is attached hereto as Exhibit "D."

5. The accident that is the subject matter of Plaintiffs' Complaint occurred in Ross County, Ohio, on September 11, 2019.

6. Plaintiffs are residents of the State of Ohio.

7. Defendant Troy Potier is an individual and a resident of the State of Michigan.

8. Defendant Rapid River Logistics, LLC is a limited liability company organized under the laws of the State of Michigan, that maintains its principal place of business in Rapid River, Michigan, and all of its members are residents of the State of Michigan.

9. Defendant Allstate is an Illinois corporation with its principal place of business located in Northbrook, Illinois.

10. Accordingly, complete diversity exists.

11. This accident happened on September 11, 2019. The Crash Report completed by the Ohio State Highway Patrol reflected "no apparent injury" and "no injuries reported" on the part of either Plaintiff Jeffrey Estep or Plaintiff Stevie Estep. Further, neither Plaintiff Jeffrey Estep nor Plaintiff Stevie Estep were provided medical attention at the accident scene nor were transported via ambulance to the emergency room immediately following this accident.

12. Prior to the filing of Plaintiffs' Complaint on September 9, 2021, the Plaintiffs provided to the Michigan Defendants copies of medical bills associated with post-accident medical treatment provided to Plaintiff Stevie Estep totaling approximately $7,835.74, and a portion of Plaintiff Stevie Estep's claimed post-accident-related medical records. Plaintiffs did not, however, provide copies of any claimed accident-related medical bills or medical records with respect to treatment provided to Plaintiff Jeffrey Estep following the September 11, 2019 accident. As such, the Michigan Defendants were led to believe that Plaintiff Stevie Estep did not sustain significant injury, that Plaintiff Jeffrey Estep did not sustain any injury, in the subject accident, and that Plaintiffs' claims did not exceed the sum of $75,000.

13. On November 9, 2021, Plaintiffs provided their Answers and Responses to Defendants' Interrogatories and Requests for Production of Documents in the Action. In these written discovery responses, Plaintiffs now have provided the Michigan Defendants with

3

documentation reflecting medical expenses in the amount of at least $37,138.68 on the part of Plaintiff Jeffrey Estep, who apparently is on disability, and has not worked since the subject accident.  As to Plaintiff Stevie Estep, Plaintiffs also now have provided the Michigan Defendants with documentation reflecting medical expenses in the amount of at least $14,796.74 on her part, who, is claiming that she has been unable to work since the subject accident, as well. Moreover, both Plaintiffs continue to receive medical treatment for their claimed accident-related injuries and consequently incur medical bills and other related expenses.

14. Prior to November 9, 2021, the Plaintiffs had not provided the Michigan Defendants with any evidence or "other paper" substantiating that their claims exceeded the sum of $75,000.

15. Accordingly, pursuant to 28 U.S.C. § 1446(b), the Michigan Defendants seek removal of this matter to this Court since it is within thirty (30) days of the date that the Michigan Defendants first became aware that amount in controversy exceeded $75,000 by virtue of their receipt of Plaintiffs' written Answers and Responses to the Defendants' Interrogatories and Requests for Production of Documents received on November 9, 2021, and it is within one (1) year of the commencement of the Action.

16. Based upon the above, diversity of citizenship is complete, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  As such, the District Courts of the United States have original jurisdiction over this matter pursuant to 28 U.S.C. §1332.  The subject action therefore may be removed from State Court to this Court, pursuant to 28 U.S.C. §1441(a).

**WHEREFORE,** Petitioners and Defendants Troy Potier and Rapid River Logistics LLC respectfully pray that the Action now pending against them in the Court of Common Pleas of Ross County, Ohio, Case No. 21CI000261, be removed therefrom to this Court.

Respectfully submitted,

JURCA & LASHUK, LLC

     /s/ Beth Anne Lashuk
Jeffrey J. Jurca (0012107)
Beth Anne Lashuk (063144)
Sean P. Casey (0086378)
141 East Town Street, Suite 202
Columbus, Ohio 43215
(614) 846-9228; (614) 846-9181 fax
jjurca@jurcalashuk.com
blashuk@jurcalashuk.com
scasey@jurcalashuk.com
*Attorneys for Defendants Troy Potier and Rapid River Logistics LLC*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that the foregoing was sent via the Court's electronic filing system on this 16th day of November, 2021, upon the following:

| | |
|---|---|
| Jason M. Persinger, Esq. | Clark C. Crum, Esq. |
| Allison K. Ernst, Esq. | P.O. Box 2166 |
| Gregory S. Young Co., L.P.A. | Hudson, Ohio 44236 |
| 600 Vine Street, Suite 402 | *Attorney for Defendant Allstate Fire and* |
| Cincinnati, Ohio 45202 | *Casualty Insurance Company* |
| *Attorneys for Plaintiffs Jeffrey Estep and Stevie Estep* | |

     /s/ Beth Anne Lashuk
Beth Anne Lashuk